Sherman et al. *v.* Lovejoy.

———◆◇———

### WILLIAM N. SHERMAN et al. *v.* WILLIAM H. LOVEJOY.

1. VARIANCE: WRIT OF ERROR.—A writ of error, which describes the judgment of the court below to be for $500, *and a specified amount of costs*, will apply to a judgment for $500, *and costs in that behalf expended* generally, rendered in the same court, on the same day, and between the same parties, as specified in the writ of error: the variance is immaterial.

2. WRIT OF ERROR: VARIANCE.—If it be pleaded in bar to a writ of error, that a former writ of error in the same cause had been sued out by the plaintiff, and if it appear that the two writs describe the judgment alike in every respect, except that one states the judgment for costs to have been for a specified amount of costs, and the other for " the costs in that behalf expended," the variance will be immaterial, and the plea sustained.

3. WRIT OF ERROR: EFFECT OF DISMISSAL.—A second writ of error, after the dismissal of a former one brought by the same party, in the same cause, is not allowable, except where the first writ was dismissed without the fault of the party, or for an irregularity over which he had no control; a dismissal for the reason that the transcript sent to this court contained no final judgment of the court below, is not without fault of the party suing it out, because he might have perfected the record by a *certiorari*, and it was his duty to do so.

IN error from the Circuit Court of Yalabusha county. Hon. Frank M. Rogers, judge.

The plaintiffs in error, William N. Sherman and Thomas D. Sherman, on the 31st day of March, 1853, sued out the writ of

error in this case, from the clerk's office of the Circuit Court of Yalabusha county, to which on the 24th day of January, A. D. 1854, the defendant in error filed his plea in this court, in the following words and figures:—

## HIGH COURT OF ERRORS AND APPEALS; AT JACKSON.

| | |
|---|---|
| William N. Sherman and Thomas D. Sherman, Plaintiffs in Error, *v.* William H. Lovejoy, Defendant in Error. | October Term, A. D. 1853. From Yalabusha county. |

And the said defendant in error cited, &c., by his attorney, comes and says that the said plaintiffs in error ought not to be allowed to have, or prosecute their writ of error in this cause; because, he says that the said plaintiffs in error, heretofore, to wit, on the 14th day of July, 1850, prosecuted in and to this court their writ of error in this cause, against this defendant; and that the same was dismissed by the court, on the 17th day of January, 1853, as appears of record; and this the said defendant in error is ready to verify; wherefore he prays judgment, &c.

W. H. LOVEJOY, by<br>D. C. GLENN, his counsel.

The plaintiffs in error craved oyer of the former writ, and demurred generally to the plea, and thereupon at this term, came on to be heard the said demurrer.

*D. Mayes,* of counsel for plaintiff in error, argued this case orally, and filed an elaborate written argument, in which he cited and commented upon the following authorities: Upon the point that upon craving oyer, the objection of variance between the first and second writs could be taken advantage of by demurrer, he cited Stephen on Plead. 71; Saund. R. 317, note; 1 Chit. Plead. (edit. of 1812,) 420; 3 Cranch. 235; 5 Monroe, 378; Comyn, Dig.

tit. Pleader, P. 2; Lord Raymond, R. 83; Graham, Practice, 441; 2 Tidd, Pr. 587; 2 Douglas, R. 477.

2. That the two writs were not to reverse the same judgment, he cited; *Blakely* v. *Sanders*, 9 Miss. 748; *Farrally* v. *Cross*, 5 Eng. 404; *Butler* v. *Owen*, 2 Ib. 369; *Gates* v. *Boulker*, 18 Verm. (3 Washb.) 23; *Cook* v. *Graham, Adm'r*, 3 Cranch. 235; 1 Paine, C. C. R. 369.

*Glenn*, attorney general, in reply.

I can see no necessity of my following Mr. Mayes, in the wide field of technical disputation covered by his argument in this cause. To my mind the point in this cause is simple and easy of solution.

The statute says, "after the dismission of a writ of error, no writ of error shall be allowed." Code, 929, § 33. It is positive and unequivocal, and casts off all equivocations and technical dodging. If a writ of error has ever issued in this cause, and has been dismissed, I care not why, or for what cause, no other can or shall be allowed. I show by my plea, and the records of this court, that one was issued and was dismissed. The court will remember its ruling in the case of *Buller* v. *Craig*. See also 1 How. 217; 5 Ib. 637.

Mr. Justice HANDY, delivered the opinion of the court.

This is a writ of error to the Circuit Court of Yalabusha county, to which the defendant in error pleaded in bar, that the plaintiffs in error, on the 14th July, 1850, prosecuted to this court their writ of error in this cause, against the defendant in error, and that the same was dismissed by this court on the 17th January, 1853, as appears of record.

The plaintiffs in error thereupon craved oyer of the former writ of error, and the order of dismission, and demurred generally to the plea.

The ground upon which the demurrer is placed by the counsel for the plaintiffs is, that it appears by an inspection of the record of the former writ of error, which is brought before the court by the prayer of oyer, that there is a variance between the writ of

error in the former case, and that in this case; in this—that the former writ of error was to a judgment for $500, and a specified sum for costs, and the present writ is to a judgment for $500, with the costs in that behalf expended, but without any specification of the amount of the costs.

Conceding that the objection here made on the ground of variance, is made in the proper mode, and treating it as if made by replication traversing the plea, we do not think that the alleged variance is material. The present writ of error recites a judgment for $500, and costs generally. There is not a necessary discrepancy between a judgment so stated, and one rendered on the same day, in the same court, and between the same parties, for the sum of $500, and a stated amount of costs. The costs are matter of computation by the clerk, and if upon reference, what is stated generally be found to be the same as that which is specifically stated, it is sufficient. 1 Stark. Evid. 422, 5 Am. edit. It is also the well established general practice in our courts, to state the recovery of costs generally; and the amount of the costs appears by the bill of costs, which it is the practice for the clerk to make and file in the cause. For this reason, the clerk might well state the specific amount of the costs, in describing the judgment in one writ of error, and in another, pursue the language of the judgment strictly, and omit the statement of the specific amount of costs. Nor do we think that the strict rules applied to pleadings conducted by the parties to suits, are justly applicable to ministerial acts of clerks, like those under consideration.

The objection relied on, would have more force if the specific amount of costs were stated in both writs of error; but inasmuch as the judgments recited in the two writs are identical in every thing which is specifically stated in both of them, we think that it must be intended that the same judgment is recited in each of them, and that under the circumstances of the case, the variance is not material.

It may be proper to notice another objection to the dismissal of this case, suggested by the plaintiff's counsel.

It is said, that the former writ of error was dismissed because the transcript of the record filed, showed no judgment of the court

below. And the case of *Bull* v. *Harrell*, 7 How. 9, is cited, as settling the principle, that when a former writ of error has been dismissed for want of jurisdiction, it is no bar to a subsequent one. The principle sanctioned in that case is, that where the dismissal has taken place without any fault of the party, but for some irregularity over which he had no control, a second writ of error will be permitted. This is a privilege which should be allowed with great caution, as it is a judicial exception to a plain prohibition of the statute.

But we do not think that the present case comes within the rule stated in that case. For it cannot be said that the former writ of error was dismissed, without any fault of the party, but for an irregularity over which he had no control. If the writ of error was really sued out to a judgment, as it purported to be, and as is alleged in the plea in this case, it was entirely within the power of the plaintiffs in error, to apply for a *certiorari* to supply the defect in the transcript of the record, at or before the time when the motion to dismiss was made; and their failure to do so cannot be regarded otherwise than as an omission to take a step entirely within their power, and necessary to their rights. As to the want of jurisdiction, the court had jurisdiction of the cause by the writ of error, which was regular : but the transcript produced under the writ contained nothing upon which the court could act, and hence the writ of error was dismissed.

We therefore think that the plea to the writ in this case is good, and that the writ should be dismissed.

A petition for a re-argument was filed, but a re-argument was refused.